UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHEL FIGUEROA,

    Plaintiff,

vs.                                Case No.:

JIMAGUAS LANDSCAPING & TREE
SERVICE, LLC, a Florida Limited
Liability Company, and MISAIL
VALLADARES, an Individual,
    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHEL FIGUEROA, ("Plaintiff"), hereby files this Verified Complaint against Defendants, JIMAGUAS LANDSCAPING & TREE SERVICE, LLC, a Florida Limited Liability Company ("JIMAGUAS"), and MISAIL VALLADARES ("VALLADARES") (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Miami Dade County, Florida.

4. At all times material to this action, JIMAGUAS LANDSCAPING & TREE SERVICE, LLC was a Florida Limited Liability Company. Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, specifically, in Miami Dade County, Florida.

5. At all times material to this action, Defendant JIMAGUAS LANDSCAPING & TREE SERVICE, LLC operated a landscaping and tree service operation.

6. At all times relevant to this action, Defendant VALLADARES was an individual resident of the State of Florida, and an owner of JIMAGUAS, regularly exercised the authority to: (a) hire and fire employees of JIMAGUAS; (b) determine the work schedules for the employees of JIMAGUAS; and (c) control the finances and operations of JIMAGUAS.

7. Defendant VALLADARES is an employer as defined by 29 U.S.C. §201 et. seq.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendants, JIMAGUAS and VALLADARES within the meaning of the FLSA.

10. At all times material to this action, Defendants JIMAGUAS and

VALLADARES were Plaintiff's "employer" within the meaning of the FLSA.

11. Defendants JIMAGUAS and VALLADARES were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material to this action, Defendant JIMAGUAS was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as lawn mowers, tree trimming machines, and vehicles.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. On or about October 2018, Defendants hired Plaintiff to work as a non-exempt landscaping laborer.

17. Plaintiff's job duties included, but were not limited to, lawn maintenance, tree trimming, and landscape maintenance, including performing such work on a weekly basis for Defendants' lawn and tree trimming company.

18. At various times material hereto, Plaintiff worked for Defendants in

excess of forty (40) hours within a workweek, specifically, Plaintiff worked a minimum of 55 hours in most workweeks.

19. From at least October 2018, and continuing through June 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

20. Specifically, Plaintiff was paid a day rate, with no overtime premiums, despite working hundreds of overtime hours for Defendants.

21. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

22. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

23. Defendants have violated Title 29 U.S.C. §207 from at least October 2018, through June 2019, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Upon information and belief, Defendant has failed to maintain

proper time and pay records as mandated by the FLSA.

24. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants are and have been aware of the FLSA mandates and their applicability to Plaintiff's employment, but chose not to pay him at an overtime rate for all of his overtime hours.

25. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff re-alleges paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27. From at least October 2018, and continuing through June 2019, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

28. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek in the three years preceding the date of the filing of the Complaint in this matter.

29. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

30. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the

5

statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known, such was, and is, due.

31. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for hours worked over forty (40) hours in a workweek, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendant for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses, attorneys' fees and such other relief deemed proper by this Court.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 3rd day of March, 2020.

_____
Angeli Murthy, Esq.
Florida Bar No.: 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
8151 Peters Road
Suite 4000
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
*Trial Attorneys for Plaintiff*

I, MICHEL FIGUEROA, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 02/02/2020

_____
MICHEL FIGUEROA